# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RESOL GROUP LLC,<br>　　　　　Plaintiff,<br>　　v.<br>SIDNEY T. SCARLETT, et al.,<br>　　　　　Defendants. | Case No. 15-cv-05212-BLF<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re: ECF 1] |

This action represents *pro se* defendant Sidney T. Scarlett's fourth attempt to remove state court action number 114-CV-267656. *See* Order, *Resol Grp. LLC v. Scarlett*, No. 15-CV-03245-BLF, ECF 28 (N.D. Cal. Aug. 31, 2015); *Scarlett v. Resol Grp. LLC*, No. 5:14-CV-05512-EJD, 2015 WL 602981, at *2-3 (N.D. Cal. Feb. 11, 2015); *Resol Grp. LLC v. Scarlett*, No. 14-CV-04402-LHK, 2014 WL 6766258, at *3 (N.D. Cal. Dec. 1, 2014). In the state court action, Resol Group asserts state law claims against Scarlett for quiet title, cancellation of recorded instrument, declaratory relief, slander of title, and civil conspiracy. State Court Compl., ECF 1-1. There is no federal question on the face of Resol Group's complaint. *See generally id*. This Court remanded Scarlett's three prior attempts to remove the state court action for lack of federal question or diversity jurisdiction and must do so once again.

In this latest attempt to remove the state court action, Scarlett alleges that removal is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1331 for failure to obtain a fair trial. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit

removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal under section 1331 is appropriate only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002). "A defendant's counterclaims and defenses asserting a federal question cannot give rise to jurisdiction under section 1331." *Gross Mortg. Corp. v. Al-Mansur*, No. 12-CV-04122-YGR, 2012 WL 3277082, at *2 (N.D. Cal. Aug. 9, 2012).

Scarlett argues that this present attempt at removal differs from his prior attempts because (1) there is new evidence relating to forensic audits, fraudulent assignments, and robo-signing, (2) he cited 28 U.S.C. § 1441, a different removal statue, as the basis for removal, (3) the Santa Clara County District Attorney has violated Scarlett's constitutional rights, (4) the Superior Court of California has committed judicial misconduct due to civil rights violations, and (5) the judges of the Superior Court of California are receiving bribes. Notice of Removal at 3, ECF 1.

Contrary to Scarlett's argument, he cited 28 U.S.C. § 1441 in his prior attempts to remove the state court action. *See, e.g.* Amended Notice of Removal at 2, *Resol Grp. LLC*, No. 15-CV-03245-BLF, ECF 20 (N.D. Cal. Aug. 26, 2015); Notice of Removal at 2, *Resol Grp. LLC*, No. 14-CV-04402-LHK, ECF 2 (N.D. Cal. Sept. 30, 2014). Scarlett's attempt to invoke federal question jurisdiction through 28 U.S.C. § 1441 and 28 U.S.C. § 1331 for the fourth time is unavailing. "As this Court already explained, 'federal question jurisdiction does not arise from an actual or anticipated cross-claim or counterclaim since those claims are not contained in the Complaint, nor can it be created by some alternative constitutional interpretation of the pleading.'" Order at 2, *Resol Grp. LLC*, No. 15-CV-03245-BLF, ECF 28 (N.D. Cal. Aug. 31, 2015) (citing *Scarlett v.*

*Resol Grp. LLC*, 2015 WL 602981, at *2). Here, Resol Group's state court complaint does not allege any federal questions. Scarlett's attempt to invoke federal question jurisdiction by asserting a "cross-complaint" is also insufficient to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.

Because this Court has no subject-matter jurisdiction over the case sought to be removed, Scarlett's Notice of Removal is frivolous. The Court accordingly DENIES Scarlett's Application to Proceed IFP. 28 U.S.C. § 1915(e)(2)(B). Furthermore, in light of the fact that this Court lacks subject-matter jurisdiction over the removed dispute, IT IS HEREBY ORDERED THAT this case be REMANDED to the Superior Court for the County of Santa Clara.

In the Court's prior order remanding this case, Scarlett was put on notice that any further attempts to remove state court Case No. 114-CV-267656 could result in sanctions, including the filing of a pre-filing order. Order at 3, *Resol Grp. LLC*, No. 15-CV-03245-BLF, ECF 28 (N.D. Cal. Aug. 31, 2015). Under the Court's inherent power, a court may impose sanctions when a "party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The Court's inherent power to sanction can cover "a broad range of willful improper conduct," *id*. at 992, and can survive dismissal of the underlying case, *see Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122 (9th Cir. 2015). However, the Court's inherent power to sanction is limited to enabling a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the Court will issue a separate order to Sidney Scarlett to show cause why sanctions including the institution of a pre-filing order should not be imposed.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
BETH LABSON FREEMAN
United States District Judge

3